### THE ELISABETH VAN BELGIE.

(District Court, S. D. Florida. November 15, 1917.)

1. SEAMEN ⬤⟞29(5)—ACTION FOR WRONGFUL DEATH—PLEADING.

A libel against a foreign steamship, to recover damages under a state statute for a wrongful death, alleged to have been caused by the negligence of respondent, *held* to sufficiently allege that the injury occurred within the territorial waters of the state.

2. ADMIRALTY ⬤⟞65—PLEADING—EXCEPTIONS TO LIBEL.

Under the liberal rules of pleading in admiralty, exceptions to the libel may be taken in the answer, although the better practice is to except before answering.

In Admiralty. Suit by Justina Strachan against the Belgian steamship Elisabeth Van Belgie. On exceptions to libel. Exceptions overruled.

L. A. Harris, of Key West, Fla., for libelant.
G. Bowne Patterson, of Key West., Fla., for claimant.

CALL, District Judge. [1] On September 1, 1917, libelant filed her libel against the Belgian steamship Elisabeth Van Belgie, claiming damages for the death of her husband, claimed to have been caused by the negligent management of the said steamer. The first article in the libel alleges as follows:

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"On the morning of August 31, 1917, the said steamship Elisabeth Van Belgie was stranded on the Western Dry Rocks, a portion of the Florida Reefs within the navigable waters and within the territorial limits of the state of Florida, and within the jurisdiction of this honorable court."

The libel then proceeds to state the incidents of the injury, etc., after alleging that the vessel had been relieved of her position on the reef and the salvage services completed.

The master of the vessel filed his claim and stipulation, and on September 14th filed his answer, embodying therein certain exceptions to the libel:

(1) That this court had not jurisdiction. (2) Because the libel shows that at the time of the accident it was not within the jurisdiction of the state of Florida, but on the high seas. (3) Because no act of Congress giving right of action is shown in the libel, giving right of action for death on the high seas.

These exceptions were argued before me; the proctor for the claimant insisting that this court was without jurisdiction because, under the allegations of the libel, it was not alleged that the accident happened within the territorial waters of the state of Florida, and the vessel, being foreign owned, was not liable for a death happening on the high seas. I do not understand that proctor for claimant contended that the exception was well taken if the death resulted from an accident happening in such territorial waters. The issue between the proctors in this case resolved itself into whether the libel charged that the accident happened in such territorial waters. If it does, then of course it becomes a question of fact, and cannot be raised by exception.

Taking the allegations of the libel, especially that portion copied above, it bears the construction that such accident did occur in such territorial waters. The further allegations that the accident occurred after the steamship was relieved from the reef, and while the decedent was endeavoring to take off the salvors would not in my opinion so negative the position of the vessel as set forth in the first article as to require the court to say that she was therefore on the high seas. There can be no question at this day that courts of admiralty will enforce rights maritime given by state statutes, nor can there be a doubt that the statute of the state of Florida does give a right of action for a death resulting from an accident happening in its territorial waters. I have not considered in this case the question of whether that right of action can be enforced in a proceeding in rem or whether it must be brought in personam. That point was not argued before me by proctor for claimant.

[2] Proctor for libelant insisted that the exceptions came too late, having been made in the answer. While I think the better practice is to except before answering, yet the rules of pleading in admiralty have never been governed by the strict technicalities of the common law, and the waivers by priority of pleading not enforced.

The exceptions to the libel will therefore be overruled.